ELLIS, Judge.
This is a suit in which the plaintiff, J. T. Kelly, d/b/a Ross Motor Companj', seeks a judgment individually and in solido against the defendant, Galilee Baptist Church, and the co-defendants, Woodrow Wilson, T. J. Cannon, Charles Prophet, Jr., John D. Betsoe, and Monroe Nelson, the defendants, having executed a note and chattel mortgage on a school bus.
Defendants’ answer to plaintiff’s petition alleged that the note was given on a balance due on the purchase price of a used school bus. It is alleged that the bus never ran satisfactorily, and that the plaintiff refused to take the bus back or put it in running condition and that the bus was completely worthless when they purchased it. They alleged the plaintiff knew or should have known of its defects, and also that the defendants had no way of knowing the condition of the vehicle, but relied solely on the statements of the plaintiff. Defendants reconvened for $250, it being the down payment they made on the bus.
After a trial on the merits, the District Court rendered judgment in favor of the defendants and against the plaintiff, based upon oral reasons in the record, rescinding the sale. Judgment was further rendered rejecting defendants’ reconventional demand for the $250 down payment.
In his oral reasons for judgment, which are incorporated in the record, the Judge stated, in effect, that even though the Galilee Baptist Church, through their agent, Woodrow Wilson, did not make a formal legal tender, that the formal tender was not necessary in order to rescind the sale, since the defendants were in good faith in purchasing the school bus, and that the school bus failed to serve the purpose for which it was purchased because of the redhibitory vices and defects.
The record reveals only slight conflicts in the facts which we find to be as follows:
Percy Nix, the manager of the plaintiff motor company, sold the defendant Church a 1950 school bus. The Church paid $250 down and several members signed a note for $1,368.24, payable in eight quarterly in *734 stallments of $171.03, the first installment being due September 2, 1957. The note was signed on May 29, 1957, and all of the above named defendants also endorsed the note. On the date that the bus was purchased by the defendants, they had a mechanic to drive the bus and give it a brief inspection. At this time, it was determined that the brakes were not holding and some brake fluid was purchased by Nix. He also agreed to have the brakes fixed if they were not in proper working order. Nix drove the bus from Oak Grove, Louisiana, to Clinton, Louisiana, without - experiencing any difficulty other than the brakes.
Approximately one month after the bus was sold, the defendants contacted Nix advising him that the clutch had gone out and that if he could not come fix the clutch that he could come and get the bus. A mechanic was sent by plaintiff to Clinton, Louisiana, some 200 miles, in order to install the clutch, together with a clutch plate and throw-out bearings. He also installed brake kits on the front wheels which he found to be defective on that day, in addition to the clutch assembly. The bus failed to start the first day that plaintiff’s mechanic began to work on it. However, it would run after he warmed it up and it started readily after that until the mechanic left the next day.
In September, the date the first note was due, Nix contacted the defendants and was told that additional work and parts were needed to repair the bus. At that time, the defendant, Woodrow Wilson, did not offer to return the bus or negotiate to rescind the sale.
Under cross-examination, defendant, Woodrow Wilson, frankly admitted the following :
“A. Well, Mr. Nix came down and talked with me about it at school one day, and I told him that it seemed as if that was going to be the way it would have to happen, because the people didn’t have any interest in it; it wasn’t giving them any service. So I subject myself to do what I did, to try and keep the deal if we could. And this is the indication that was given me, that I would have to pay for it if they didn’t, because I had signed the note and it seemed logical that they could get the money out of me. That was the impression I was given.” Emphasis added.
On October 10, 1957, a check was deposited by plaintiff from Woodrow Wilson on the account as a partial payment on the note. This check was returned for insufficient funds. Nix also stated that Woodrow Wilson made several telephone calls after the check was returned for insufficient funds stating that he would allow plaintiff to repossess the bus.
Suit was filed on the note on December 26, 1957.
The issues raised in the briefs of counsel deal primarily with the rules set forth in the LSA-Civil Code, and the jurisprudence concerning the vices of things sold which give occasion to the redhibitory action. In the LSA-Civil Code Articles pertinent to the facts in this case are set forth:
Article 2520. “Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
Article 2521. “Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices.”
Article 2530. “The buyer who institutes the redhibitory action, must prove that the vice existed before the sale was made to him. If the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale.”
Defendants, assuming the roll of plaintiff in-reconvention, and seeking to rescind the *735 sale by virtue of redhibitory vices and defects in the bus, cite Roby Motors Company v. Price, La.App., 173 So. 793. Defendants also set forth in their brief that it was reported to them that the bus was in good condition and would fulfill the needs of the defendants, this being supported by the evidence.
In the Roby case, cited supra, the Court found that the record was amply supported by defendant’s contention that the good qualities of the automobile purchased and its ability to give reasonably satisfactory service for the purpose purchased were grossly misrepresented by plaintiff’s agents and officers. The court also found that serious mechanical defects and vices revealed themselves immediately after the sale, in fact, the day of the sale.
The facts in the Roby case fall squarely under the provisions of LSA-Civil Code, Article 2530 which states, in effect, that a vice appearing within three days immediately following the sale, is presumed to have existed before the sale.
Other facts in the Roby Motors Company v. Price case shows without question that there were many serious defects which included even a cracked engine block. Even considering the serious vices and defects of the automobile in the Roby case, the court did not rescind the sale, but under the authority of LSA-Civil Code, Article 2543 converted the redhibitory action into one for a reduction of the price, finding that the defendant had used the automobile some thirteen months even though it did break down often.
Defendants also rely on the Roby Motors Company v. Price case as supporting the position that a plaintiff buying and selling used cars on a large scale, and maintaining an up-to-date well equipped shop and garage for repairs to its own cars and those brought to it by others will have knowledge of any vices or defects imputed to it, though it has pleaded ignorance thereof.
 Considering all of the facts in the record, we do not feel that the defendants met the burden of proof placed upon them to prove such vices and defects.
LSA-Civil Code, Article 2521, in effect, states that apparent defects are not among the redhibitory vices. Therefore, the rotten hose from the radiator to the water pump could by reasonable inspection have been determined to be rotten. This defect was not called to the attention of the vendor as the record is barren of any proof of notice to the vendor of this defect and his first knowledge was during the trial of the case. In any event, this could hardly be the type of defect that would support an action in redhibition.
Another defect revealed by the record was the faulty brakes. Plaintiff proved defendants agreed to have him either fix the brakes or pay for the repair of the brakes and no mention was made of voiding the sale. Plaintiff fully complied with his agreement in this respect.
The only other defect which was called to plaintiff’s attention was the burned out clutch. Defendants also agreed to maintain the sale in full force and effect if the plaintiff repaired the clutch, which was done.
The main defense in this case appears to be inferences and innuendoes raised during the trial that the bus failed to have sufficient compression with which to start. The only qualified expert testified concerning compression stated that the only sure way to test the compression in a motor is by a compression meter. It was admitted by the defendants that they had not checked the motor for proper or improper compression by a compression meter. The testimony as1 to the existence of such a defect is vague, indefinite and insufficient.
The defendants did admit that they used the bus for some three months until the October following their purchase of the bus in May. The use of the bus was not completely satisfactory, but. the defects complained of were never of such a serious nature as to void and rescind the sale. The plaintiff repaired these defective mechanisms on the bus. It not only had good *736 brakes and a repaired clutch, but was starting properly when the plaintiff’s mechanic left it in defendants’ possession.
We find that the defendants have failed to establish by a preponderance of evidence, a showing that there were any vices or defects upon which to base their redhibitory action therefore, we find it unnecessary to consider the other issues raised by the parties to the appeal.
For the reasons assigned, the judgment of the District Court is reversed and it is ordered, adjudged and decreed that judgment be entered in favor of the plaintiff, Joe T. Kelly, d/b/a Ross Motor Company, and against the defendants, Galilee Baptist Church, Woodrow Wilson, T. J. Cannon, Charles Prophet, Jr., John D. Betsoe, and Monroe Nelson, jointly and in solido in the amount of $1,368.24, together with 8 percent per annum interest from September 2, 19S7, until paid and an additional sum on both principal and interest of 20 percent as attorney’s fees, and for all costs of these proceedings.
Reversed.