REID, Judge.
This appeal by plaintiff, Montgomery Ward & Company, is from a judgment rendered by the 19th Judicial District Court ■dismissing plaintiff’s suit on open account in which a judgment was sought in the amount of $993.20, representing the price ■of a boat sold defendant by plaintiff.
Defendant, admitting the purchase of the boat, alleged the vessel was powered by an outboard motor with starter, lights, and other electrical appliances operated by a battery; that the electrical parts were installed by plaintiff’s employee in a defective, negligent, and improper manner and as a result, the boat caught fire and was burned. A reconventional demand filed by defendant, seeking damages in the sum of $610.00, was abandoned on the trial of the case.
On June 2, 1961, the wife of defendant, Mrs. Woodrow Brown purchased the boat, an outboard motor with electric starting apparatus, a battery and several other miscellaneous items from plaintiff. The outboard motor, electric lights and battery were installed on the vessel by plaintiff’s employee. Mrs. Brown was unfamiliar with the mechanics of the installations and relied upon plaintiff’s employee to affix the parts so the boat would operate in a proper manner.
Defendant used this boat on two occasions. The maiden voyage at False River was uneventful. However, on the second occasion, as Mr. Brown was returning from a fishing trip on Lake Mary in Mississippi, the boat, towed on a trailer, caught fire and was destroyed on Plank Road in East Baton Rouge Parish, Louisiana.
The evidence shows the fire was of an electrical origin and was occasioned by free movement of the battery, bringing the battery in contact with the aluminum side of the boat causing a short circuit which resulted in the fire. The battery installed by plaintiff was not secured in any fashion.
Counsel for plaintiff contends this case is covered by Article 2521 of LSA-Civil Code which states:
“Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices.”
In support of this contention the case of Kelly v. Galilee Baptist Church, La.App., 106 So.2d 733, is cited which holds:
“LSA-Civil Code, Article 2521, in effect, states that apparent defects are not among the redhibitory vices. Therefore, the rotten hose from the radiator to the water pump could by reasonable inspection have been determined to be rotten. This defect was not called to the attention of the vendor as the record is barren of any proof of notice to the vendor of this defect and his first knowledge was during the trial of the case. In any event, this could hardly be the type of defect that would support an action in redhibition.”
Plaintiff contends Mr. Brown could have discovered the unsecured, defective placement of the battery by simple inspection.
Defendant presented evidence by three experts, Jesse Montalbo, Clyde Wheat, and Billie E. Wood, each of whom testified the fire resulted from an electrical short circuit, caused by the loose battery. They further noted there was no carrier case for the battery and in their considered opinion the installation of a battery in a metal boat, without encasement and neither strapped down nor bolted to the floor was a fire hazard creating the condition under which the boat at issue was destroyed.
Mr. Raymond E. Smith, Service Manager at Montgomery Ward testified he was unable to identify the employee who rigged the boat. He stated that normally equip *319 ment was installed in a boat such as this in about an hour and a half.
Mrs. Woodrow Brown testified she purchased the boat in question and the installations were made by a young employee who said he was an LSU student. She also testified delivery of the boat was promised by 4:00 o’clock the day following the purchase, but the installations were not finished at that time, and it was 8:00 o’clock that night before the boat was finally delivered to defendant. No evidence substantiates plaintiff’s contention that Mrs. Brown, or her husband, knew of the defects, or that they should have ascertained the equipment was not correctly installed by reasonable inspection.
We concur with the finding of the Lower Court that this boat was destroyed by fire brought about by the failure of plaintiff to properly install the battery in a secure position in the boat, which defective installation caused the battery to connect with the aluminum sides of the boat, resulting in a short circuit.
For these reasons the judgment of the Lower Court is affirmed.
Affirmed.