SAMUEL, Judge.
This is an action to rescind the sale of an automobile for redhibitory vices or defects and for judgment in the amount of the purchase price of the car together with expenses occasioned by this litigation. The two defendants filed exceptions of no cause of action to’ the petition. After a hearing there was judgment maintaining the exceptions and dismissing the suit. Plaintiff has appealed.
The issues raised in arguments and briefs of counsel are concerned only with redhibition. The pertinent allegations of the petition, which we accept as true for the purpose of deciding the exceptions, are: Plaintiff purchased a 1966 4-door Buick Hardtop LeSabre five or six passenger family sedan from the defendants on September 26, 1966; when he arrived home with the car he discovered a normal sized person could not sit upright on the rear seat without his head striking the roof and/or the rear window, making the rear seat uncomfortable and unsafe; he returned the car to the defendant Colonial Buick on September 30, 1966 and requested that the rear seat be lowered or that said defendant take back the vehicle and cancel the sale but the request was refused.
The question presented is whether the fact that the rear seat lacked adequate head room constitutes a redhibitory vice or defect which can result in the avoidance of the sale. Appellees contend: (1) the complaint involves only a dissatisfaction with the design or quality of the automobile and does not include a vice or defect as those terms are used in the pertinent Civil Code articles; and (2) if the petition does allege a vice or defect within the contemplation of the codal articles, it fails to allege a cause of action because the vice or defect was apparent and not latent or hidden.
Civil Code Articles 2520 and 2521 are applicable. They read as follows:
“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.” LSA-C.C. Art. 2520.
“Apparent defects, that is, such as the buyer might have discovered by simple inspection, are not among the number of redhibitory vices.” LSA-C.C. Art. 2521.
Assuming, but not deciding, that a lack of adequate head room for the rear seat of the automobile is a redhibitory vice or defect within the contemplation of Civil Code Article 2520, we are of the opinion that it was an apparent defect under Civil Code Article 2521 and therefore not a redhibitory vice which can result in the avoidance of the sale. The articles relieve the buyer from examining the inner or hidden parts of the object of the sale for the purpose of ascertaining the existence of latent defects; but where the vice or defect complained of is even partially apparent the buyer who nevertheless purchases the thing without further investigation must be held to have waived his right to sue in redhibition or in quanti minoris, which latter action (under Civil Code Article 2544) is subject to the same rules and limitations as the redhibitory action. See Pursell v. Kelley, 244 La. 323, 152 So.2d 36; Kelly v. Galilee Baptist Church, La.App., 106 So.2d 733.
Here either the lack of adequate head room or the possibility or probability that such a lack did exist could and should have been apparent to the plaintiff or any other reasonable purchaser as a result of only looking at the inside of the car. If only the possibility or probability of such lack could be ascertained by visual examination, it was incumbent upon plaintiff to make a simple inspection as required by the cited article 2521. Certainly the act of sitting in the rear seat is one of the simplest of simple inspections. And as such an act or inspection unquestionably would have revealed the absence of adequate head room, the *57 vice or defect complained of is apparent and not redhibitory.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.