691 So.2d 854 (1997)
Mabel T. WATKINS, Plaintiff-Appellee,
v.
FREEWAY MOTORS, Defendant-Appellant.
No. 29385-CA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 1997.
*855 G. Ali Moghimi, in pro. per.
L. Douglas Lawrence, Monroe, for Plaintiff-Appellee.
Before MARVIN, WILLIAMS and STEWART, JJ.
WILLIAMS, Judge.
The defendant, Freeway Motors, appeals a judgment in favor of the plaintiff, Mabel Watkins. The trial court found that redhibitory defects in the automobiles required rescission of the transaction executed by the parties and return of the purchase price. For the following reasons, we affirm.

FACTS
On March 29, 1995, the plaintiff, Mabel Watkins, went to the premises of the defendant, Freeway Motors, a used car dealership located in Monroe, Louisiana.[1] Plaintiff purchased a 1987 Jaguar XJ6 automobile for the total price of $10,094, including charges for tax, title and fees. Shortly after plaintiff bought the car, the engine began overheating and the brakes did not work properly. The car broke down on the road and it had to be towed to defendant's lot for repair. The Jaguar was in defendant's possession for approximately two weeks for service. After *856 the plaintiff paid over $500 for a new water pump, she became dissatisfied with the car because of the costly mechanical problems.
In July 1995, the parties agreed that plaintiff would return the Jaguar to defendant in exchange for a 1989 Volvo GL. Because this vehicle was not located on defendant's lot, plaintiff did not have an opportunity to see or test drive the car at the time of the exchange. The plaintiff and her son picked up the car at a later date. While plaintiff's son was driving the Volvo from the defendant's car lot to plaintiff's home, the car was making a loud noise and its engine began smoking. Shortly thereafter, the Volvo, with 191,332 miles on the odometer, failed to start. The car was towed to defendant's premises, where it remained for a number of days for repairs. During this period, plaintiff was told twice that the car was ready, but each time she went to retrieve the Volvo, she learned that it had not been repaired after all. On her final visit to the used car lot, after waiting for two hours, plaintiff asked Ali Moghimi, the owner, when the car would be ready and what car would she use for transportation to get home. According to plaintiff, Moghimi shouted and cursed at her and she returned to the office crying. In October 1995, plaintiff filed suit against the defendant in Monroe City Court seeking to rescind the exchange and sale contracts.
At trial, Moghimi testified that plaintiff was not forced to accept the Volvo in exchange for the Jaguar, but could have chosen any car on the lot. Moghimi also stated that he would have returned the purchase price if plaintiff had requested a refund. Plaintiff testified that she was not given any choice about the exchange vehicle and was not offered a refund. The trial court rendered judgment in favor of plaintiff, finding that the Jaguar and Volvo had redhibitory defects requiring the rescission of both contracts, and awarded plaintiff a refund of the purchase price. The defendant appeals.

DISCUSSION

Exchange of Volvo
The defendant contends the trial court erred in finding that the Volvo automobile contained redhibitory defects and in rescinding the parties' exchange of vehicles. Defendant argues in brief that the articles of the Louisiana Civil Code that provide for an action in redhibition are not applicable to the contract of exchange.
An exchange is defined as a contract by which the parties give to each other one thing for another, whatever it may be, other than money. LSA-C.C. Art. 2660. Redhibition is the avoidance of a sale because of some defect in the thing sold which renders it either unfit for its intended use, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had she known of the defect. LSA-C.C. Art. 2520; Dupree-Simpson Farms v. Helena Chemical Co., 28,739 (La.App. 2d Cir. 10/30/96), 682 So.2d 838. Except in certain instances, such as those involving lesion, the rules governing contracts of sale, including redhibition principles, also apply to contracts of exchange. LSA-C.C. Art. 2667; Sikes v. B & S Supply, Inc., 164 So.2d 81 (La.App. 2d Cir.1964). Here, the defendant has not presented any authority to show that the redhibition principles are inapplicable to the exchange of vehicles. This argument lacks merit.
Defendant next contends that if the redhibition rules apply to the parties' exchange of automobiles, then defendant was not bound by a warranty of fitness because plaintiff signed a waiver. In order to be effective, a waiver of the warranty that the thing sold is free of redhibitory defects and is reasonably fit for its intended purpose must be written in clear and unambiguous terms, be contained in the sale and chattel mortgage and be explained to the buyer. Savannah v. Anthony's Auto Sales, Inc., 618 So.2d 676 (La.App. 2d Cir.1993).
In the present case, defendant asserts that the waiver of warranty contained in the "buyer's guide" and signed by plaintiff is sufficient. However, the document itself is confusing. Although the "Implied Warranties" box is checked on the form, there is also a statement waiving all warranties handwritten under the contradictory heading of "WARRANTY." Plaintiff identified her signature *857 on the page, but she testified that the language purporting to exclude any express or implied warranty did not appear on the document at the time she signed. The record does not show that the waiver of warranty was explained to plaintiff. Under the circumstances, we cannot say the trial court was clearly wrong in finding that the warranty against redhibitory defects had not been effectively waived by the plaintiff. The defendant's argument lacks merit.
Defendant argues that any defects in the Volvo were apparent and should have been discovered by the plaintiff under ordinary inspection. To maintain an action in redhibition to rescind a sale, the buyer must prove that a defect in the thing renders its use so inconvenient that she would not have bought it had she known of the defect; that the defect existed at the time of the sale or exchange but was not apparent; and that the seller had an opportunity to repair the defect. Carroll v. Coleman, 27,861 (La.App. 2d Cir. 1/24/96), 666 So.2d 1264.
In the present case, the plaintiff testified that on the day that she took possession of the 1989 Volvo, the car's engine started smoking on the way home from the lot. She stated that the car made a loud noise while running and that each time she tried to use it she feared the car would not make the trip home. Approximately one week later, the car failed to start and plaintiff had it towed back to Freeway Motors for repairs. This testimony supports a finding that a latent defect existed at the time of the exchange that prevented plaintiff from using the car as intended. Defendant urges that the smoke was a visible defect. However, the record does not show that the condition causing the smoke was apparent. Moreover, the testimony presented at trial indicates that the plaintiff was not aware that the car was smoking until after the exchange.
In addition, the record contains evidence that defendant was given a reasonable opportunity to repair the defective vehicle. After the automobile stopped running, it was towed to defendant's lot and it remained in defendant's possession for several weeks. The plaintiff testified that on at least two occasions, she was told by defendant's representative that the Volvo was ready, only to find upon her arrival that the car was neither fixed nor available. The trial judge heard conflicting testimony and weighed the credibility of the witnesses. Based upon this record, we cannot say the trial court was clearly wrong in finding that a redhibitory defect rendered the plaintiff's use of the Volvo so inconvenient that she would not have bought the automobile had she known of the defective condition. Therefore, the plaintiff is entitled to rescission of the contract of exchange. The assigned error lacks merit.

Sale of Jaguar
Defendant argues the trial court erred in rescinding the original sale in which the plaintiff purchased a 1987 Jaguar from the defendant for the total price of $10,094. As stated above, plaintiff subsequently transferred ownership of the Jaguar in exchange for a 1989 Volvo. A novation occurs whenever an old obligation is replaced by a new obligation either in whole or in part. LSA-C.C. Arts. 1879 & 1881; Morvant v. Himel Marine, Inc., 520 So.2d 1194 (La.App. 3rd Cir.1988). When the parties executed the exchange of the Jaguar for the Volvo, there was a novation of the first sale. The practical effect of this substitution is that the plaintiff has paid $10,094 for the Volvo and the original sale is no longer of any consequence. As previously noted, we agree with the trial court's finding that the transaction of exchange is subject to rescission on the grounds of redhibition. Therefore, the trial court correctly held that plaintiff is entitled to a refund of the purchase price. This assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, we affirm the trial court's judgment rescinding the exchange of automobiles and ordering defendant to return to plaintiff the purchase price of $10,094 together with legal interest from the date of judicial demand. Costs of this appeal are assessed to the appellant, Freeway Motors.
AFFIRMED.
NOTES
[1] According to the testimony at trial, the defendant is actually Ultimate Motors of Monroe, Inc., doing business as Freeway Motors.