**David JOHNSON**

v.

**CHL ENTERPRISES, et al.**

**Aaron Gerome Henson**

v.

**Yamaha Motor Company, Ltd., et al.**

**Nos. Civ.A. 00–1218, Civ.A. 00–1323.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

Aug. 4, 2000.

---

Donald G Kelly, William L Townsend, III, Kelly Townsend & Thomas, Natchitoches, LA, Wendell H Gauthier, Gauthier Downing et al, Metairie, LA, Jimmy R Faircloth, Jr, Charles D Elliott, Faircloth & Davidson, Alexandria, LA, for David Johnson, plaintiff.

Wendell H Gauthier, Deborah M Sulzer, Gauthier Downing et al, Metairie, LA, Mark Mann, Wellborn Houston et al, Henderson, TX, Jimmy R Faircloth, Jr, Charles D Elliott, Faircloth & Davidson, Alexandria, LA, Don Wheeler, Law Offices of Don Wheeler, Center, TX, for Aaron Gerome Henson, consolidated plaintiff.

Sidney Earl Cook, Jr, Cook Yancey et al, Shreveport, LA, Jody Todd Benson, Jeansonne & Remondet, Shreveport, LA, for CHL Enterprises Inc., defendant.

William P Crews, Jr, Watson Murchison et al, Natchitoches, LA, Denean K Sturino, R Bruce Duffield, L Anthony Lehr, Lord Bissell & Brook, Chicago, IL, for Bombardier Inc, Bombardier Motor Corp of America, Bombardier Corp, defendants.

Eugene R Groves, Taylor Porter et al, Baton Rouge, LA, David P Murray, Willkie Farr & Gallagher, Washington, DC, for Yamaha Motor Corp USA, Yamaha Motor Manufacturing Corp of America, consolidated defendants.

Henry C Gahagan, Jr, Gahagan & Conlay, Natchitoches, LA, for Cane River Cycles Inc, consolidated defendant.

## *RULING*

LITTLE, Chief Judge.

Before this court are plaintiff David Johnson's ("Johnson") motion to remand and defendant Bombardier's[1] motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Also before this court are plaintiff Aaron Gerome Henson's ("Henson") motion to remand; defendant Yamaha's[2] motion to dismiss pursuant to Rule 12(b)(6) or, alternatively, motion for summary judgment; and defendant Cane River Cycles, Inc.'s ("CRC") motion to dismiss pursuant to Rule 12(b)(6). As the factual and legal issues involved in the two cases are substantially the same, the two actions are hereby consolidated, and all of the aforementioned motions are ruled upon in this single ruling. For the following reasons, Johnson's and Henson's motions to remand are DENIED, and the defendants' motions to dismiss are GRANTED.

## I. Background

On 29 March 1996, Johnson purchased two Sea–Doo personal watercraft manufactured by Bombardier, Inc. from CHL Enterprises ("CHL"), d/b/a Loewer Lawn & Cycle Center, a retailer of personal watercraft for a price between $7000 and $7500. The Sea–Doo is propelled and steered using a jet propulsion system that is able to function only when the throttle is engaged, which allows water to pass through the propulsion system. On 27 March 2000, nearly four years after purchasing the Sea–Doo watercraft, Johnson filed suit in the Tenth Judicial District Court for Natchitoches Parish, seeking to recover under Louisiana's redhibition laws and for fraudulent concealment against CHL Enterprises and Bombardier based on defects in the Sea–Doo personal watercraft. Johnson insists that at the time Bombardier manufactured the Sea–Doo watercraft, off-throttle steering and braking systems were available to Bombardier. In his "Petition in Redhibition," Johnson contends that the lack of off-throttle systems in the Sea–Doo craft constitutes a redhibitory defect. Johnson further asserts that he would not have bought the Sea–Doo watercraft if he had known of the product's redhibitory vices and defects. Johnson filed an amended complaint on 29 March 2000 in which he seeks to bring a class action on behalf of all Sea–Doo watercraft purchasers against Bombardier and all retail sellers of the Sea–Doo. The amended complaint also includes a claim for conspiracy to conceal the alleged defect. Johnson asks the court for either a complete rescission of the sale or a reduction in purchase price, damages, and attorneys fees.

On 19 May 2000, Bombardier removed the case to this court based on plaintiff's alleged fraudulent joinder of CHL, the only non-diverse defendant.[3] Bombardier contends that, once CHL is dismissed from the lawsuit, there is complete diversity between the remaining parties to the action and this court will have proper jurisdiction over plaintiff's claims. Johnson thereafter filed the instant motion to remand, insisting that CHL is a proper party to the lawsuit under Louisiana's redhibitory laws. Bombardier also has submitted

---

1. Defendants Bombardier, Inc., Bombardier Corporation, and Bombardier Motor Corporation of America jointly filed the instant motion and are hereinafter collectively referred to as "Bombardier."

2. Defendants Yamaha Motor Corporation, U.S.A. and Yamaha Motor Manufacturing Corporation of America jointly filed the said motion and collectively are referred to in this ruling as "Yamaha."

3. Johnson and CHL are citizens of Louisiana. Bombardier, Inc., Bombardier Corporation, and Bombardier Motor Corporation of America all are foreign corporations.

a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, urging that Johnson has no basis on which to hold them liable under Louisiana law.

The facts of the Henson lawsuit are substantially similar. On 19 June 1996, Henson purchased a WaveRunner personal watercraft manufactured by Yamaha from CRC, a retailer of personal watercraft. Like the See–Doo, the WaveRunner is propelled and steered using a jet propulsion system. On 2 May 2000, almost four years after his purchase, Henson filed suit against CRC and Yamaha in the Tenth Judicial District Court for Natchitoches Parish, seeking to recover under Louisiana's redhibition laws and for fraudulent concealment based on "defects" in the WaveRunner, namely the lack of off-throttle steering and braking systems therein. Henson's allegations are essentially identical to those of Johnson and need not be repeated here. Henson also requests either a complete rescission of the sale or a reduction in purchase price, damages, and attorneys fees.

On 5 June 2000, Yamaha removed the Henson case to this court on the ground that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Yamaha contends that CRC, the only non-diverse defendant in the lawsuit, was joined fraudulently as a defendant and that once CRC is dismissed, complete diversity exists among the remaining parties. Henson subsequently filed the motion to remand now before this court, maintaining that CRC is in fact a proper party to the lawsuit under Louisiana's redhibitory laws. Yamaha has filed a motion to dismiss or, alternatively, motion for summary judgment, and CRC has filed a motion to dismiss, both defendants arguing that Henson has no basis of recovery against them under Louisiana law.

## II. MOTION TO REMAND

■ The district court has general authority to remand a case under any of the following circumstances: (1) when acting on a timely motion to remand based on a defect in removal procedure; (2) when it has no subject matter jurisdiction; and, (3) according to its discretion, when pendent state law claims were removed along with one or more federal question claims. *See* 28 U.S.C. § 1447; *Buchner v. F.D.I.C.*, 981 F.2d 816, 819 (5th Cir.1993).

### A. Fraudulent Joinder Generally

■ It is well established that federal courts will not allow parties to defeat removal jurisdiction by fraudulently joining non-diverse defendants. *See Rodriguez v. Sabatino*, 120 F.3d 589 (5th Cir.1997); 14B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3723, at 625 (3d ed.1998). To sustain an allegation of fraudulent joinder, the removing defendants must prove either that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts or that there is no possibility that the plaintiff could establish a cause of action against the defendants in state courts. *See Rodriguez*, 120 F.3d at 591; *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992). The removing defendants bear a heavy burden when invoking the jurisdiction of this court; the court must view the pleadings in the light most favorable to the plaintiff, resolving all contested facts in favor of the plaintiff. *See Rodriguez*, 120 F.3d at 591; *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993); *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205–06 (5th Cir. 1983). In addition, this court resolves any uncertainties in relevant state law in favor of the plaintiff. *See Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir.2000); *Rodriguez*, 120 F.3d at 591. In support of their claims, the removing defendants may submit affidavits, depositions, and other evidence, much like the evidence offered with a motion for summary judgment. *See Hart*, 199 F.3d at 246; *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). "If there is even a possibility that a state court would find a cause of action stated against any one of the named in-state defendants on the facts alleged by the plaintiff, then the court must find that

the in-state defendant(s) have been properly joined ... and ... the case must be remanded to the state courts." *B., Inc.,* 663 F.2d at 550; *see also Sid Richardson Carbon and Gasoline Co. v. Interenergy Resources, Ltd.,* 99 F.3d 746, 751 (5th Cir. 1996) (reciting the same language).

### B. Viability of Plaintiff's Claims Against Retailer

In order to defeat the plaintiff's motion to remand, the removing defendants must demonstrate that there is no possibility that the plaintiff could establish a cause of action against them in state courts. *See Dodson,* 951 F.2d at 42. Defendants in the Johnson case put forth several arguments as to why Johnson has no possibility of recovering against CHL in state court. First, defendants claim that Johnson's suit against CHL has prescribed. Second, defendants argue that Johnson's claim is preempted by the Federal Boat Safety Act. Third, defendants assert that any alleged defects in the Sea–Doo watercraft were apparent when Johnson purchased them. Fourth, defendants contend that Johnson's claim against CHL is foreclosed by Johnson's failure to notify CHL or give it an opportunity to repair the alleged defect in the Sea–Doo watercraft. Fifth, defendants insist that CHL disclaimed a warranties and Johnson waived all redhibitory claims. Finally, defendants maintain that there is no evidence to support Johnson's fraudulent concealment and conspiracy tort claims.

#### 1. *Redhibitory Defect*

In both their opposition to Johnson's motion to remand and their motion to dismiss pursuant to Rule 12(b)(6), the defendants contend that the Sea–Doo watercraft does not contain a redhibitory defect because Johnson easily could have discovered that the watercraft did not have off-throttle steering and braking at the time of purchase. Every sale in this state carries with it the legal warranty that the thing sold is free from hidden defects or redhibitory vices. *See* La.Civ.Code.Ann. art. 2520; *Boos v. Benson Jeep–Eagle Co.,*

717 So.2d 661, 663 (La.App. 4th Cir.1998). In a suit for redhibition, the plaintiff must prove: (1) the seller sold the thing to him and it is either absolutely useless for its intended purpose or its use is so inconvenient or imperfect that, judged by the reasonable person standard, had he known of the defect, he would never have purchased it; (2) the thing contained a non-apparent defect at the time of sale; and (3) the seller was given an opportunity to repair the defect. *See Watkins v. Freeway Motors,* 691 So.2d 854, 857 (La.App. 2d Cir. 1997); *Vincent v. Hyundai Corp.,* 633 So.2d 240, 243 (La.App. 1st Cir.1993).

Under Louisiana law, a defect that is apparent at the time of sale is not a redhibitory defect. *See* La.Civ.Code Ann. art. 2521. Apparent defects are those that the buyer might have discovered by simple inspection. *See id.* To determine whether the defect is apparent, one must consider whether a reasonably prudent buyer, acting under similar circumstances, would discover it through simple inspection. *See id.* "A simple inspection is more than a casual observation; it is an examination of the article by the buyer with a view of ascertaining its soundness." *Amend v. McCabe,* 664 So.2d 1183, 1188 (La.1995); *Pursell v. Kelly,* 244 La. 323, 152 So.2d 36, 41 (1963).

Louisiana courts have devised a reasonableness standard to determine whether a defect is apparent upon simple inspection, inquiring whether a reasonably prudent buyer acting under similar circumstances would have discovered the presence of the defect. *See Pursell v. Kelly,* 244 La. 323, 152 So.2d 36, 41 (1963); *Crow v. Laurie,* 729 So.2d 703, 707–08 (La.App. 1st Cir.1999). "Whether an inspection is reasonable depends upon the facts of each case and includes such factors as the knowledge and expertise of the buyer, the opportunity for inspection, and the assurances made by the seller." *Crow,* 729 So.2d at 708 (citing *Landaiche v. Supreme Chevrolet, Inc.,* 602 So.2d 1127, 1131 (La.App. 1st Cir.1992)). It is appropriate

for a court to determine whether an alleged defect is apparent as a matter of law. *See, e.g., In re Air Bag Products Liability Litigation,* 7 F.Supp.2d 792, 797 (E.D.La. 1998) (granting summary judgment on the basis that a defect was apparent as a matter of law).

Bombardier argues that there is no possibility that Johnson may recover for a redhibitory defect in the Sea–Doo watercraft because the presence of the alleged defect—the Sea–Doo throttle mechanism—was apparent at the time of sale. Bombardier's instructional literature is replete with instructions and warnings concerning the nature of the Sea–Doo watercraft throttle mechanism. For example, the Sea–Doo product decal, Operators Manual, and Supplement to the Sea–Doo Operations Guide all warn that "[d]irectional control is lost when throttle is released or engine shut off," Defs.' Mot. to Dismiss, Ex. 4; Ex. 5, at 15.; Ex. 6, at 5. Moreover, the safety handbook and instructional video tape that accompany the Sea–Doo watercraft at the time of sale explicitly remind the user that the throttle must be engaged to control the direction and speed of the watercraft. *See id.,* Ex. 3, at 3–4 (safety handbook warning); Ex. 7 at 3:05 (instructional video warning). Johnson received all of these materials when he purchased the watercraft. *See* Loewer Aff. ¶ 5.[4]

We agree with the defendants that the warnings regarding steering and braking made the alleged defect apparent at the time that Johnson purchased the Sea–Doo craft. Regardless of whether an alternative throttle system was available on other watercraft, it is completely unreasonable for Johnson to assert that the alleged redhibitory defect in the Sea–Doo was not evident at the time of sale. Johnson contends that the court should not make a determination on the nature of the alleged defect at this point because no discovery has yet been conducted. This is not a case where discovery on the issue is necessary to determine the reasonableness

of the buyer's inspection. The cases cited by Johnson wherein it was critical for the court to engage in an exhaustive factual investigation involved situations in which the alleged defect was latent. *See, e.g., Crow,* 729 So.2d at 708 (concluding that rotten transom on used boat was not a defect that would have been discovered by a simple inspection because it would have required an "invasive" scrutiny of the boat's structure); *Perrin v. Kuehne,* 704 So.2d 839, 844 (La.App. 3d Cir.1997) (finding that trial on merits was necessary on question of whether home buyer should have discovered termite damage that was so hidden that it was not uncovered by a termite inspector).

Here, in contrast, Johnson complains about a patent condition of the Sea–Doo craft. The case *sub judice* is analytically similar to *Hendricks v. Colonial Buick, Inc.,* 204 So.2d 55, 56 (La.App. 4th Cir. 1967). The plaintiff in *Hendricks* sought to rescind the sale of an automobile under Article 2520 on the basis that subsequent to purchase, he discovered that a person could not sit comfortably in the rear seat, making the car uncomfortable and unsafe. *See id.* The state appellate court declined to allow plaintiff to avoid the sale, finding that the condition of the car was an apparent defect under Article 2521. The court explained that "either the lack of adequate head room or the possibility or probability that such a lack did exist could and should have been apparent to the plaintiff or any other reasonable purchaser as a result of only looking at the inside of the car." *Id.*

Our sister courts in the Eastern District of Louisiana also have declined to find a redhibitory defect where the consumer has ample warning of the nature of the product prior to purchase. *See Air Bag Products Liability Litigation,* 7 F.Supp.2d at 798; *In re Ford Motor Co., Bronco II Product Liability Litigation ("Bronco II"),* 982 F.Supp. 388 (E.D.La.1997). In *Bronco II,* a class action was filed by purchasers of the Ford Bronco II alleging redhibition

4. Yamaha's instructional literature contains the same warnings.

and fraudulent concealment claims based on the vehicle's unreasonable propensity to roll over. The U.S. District Court for the Eastern District of Louisiana dismissed plaintiffs' claims, noting that buyers could have learned of the vehicle's propensity to flip over prior to purchase through a reasonable inspection. *See Bronco II*, 982 F.Supp. at 396–97. Based on the premise that "a plaintiff will be deemed to know that which he could have learned through reasonable diligence," the court determined that the information provided to consumers about the Bronco II, including the visor sticker, owner's manuals, and extensive media coverage, should have alerted the plaintiffs to the car's propensity to flip over. *Id.* at 395–96. The Eastern District again followed this reasoning in finding that a plaintiff class could not bring a redhibition claim based on the dangerous nature of passenger side airbags. *See Air Bag Products Liability Litigation*, 7 F.Supp.2d at 798. In the *Air Bag Products Liability Litigation* case, the court concluded that the potential dangers of air bags were readily apparent given the myriad of warnings regarding the potential danger of the airbags placed prominently on the vehicle's visor and in the owner's manual. *See id.*

Similarly, in this case, the Sea–Doo decal, owner's manual, and video should have put Johnson on notice that the Sea–Doo could not be stopped or steered when the throttle was disengaged. Johnson has not come forward with any evidence to dispute Bombardier's argument that the nature of the throttle system in the Sea–Doo was apparent at the time of sale. Even a superficial inspection certainly would have revealed the multiple warnings that the Sea–Doo could not be steered or stopped when the throttle was not engaged. Following *Hendricks, Bronco II,* and *Air Bag Products Liability Litigation,* we find that the nature of the throttle system installed in the Sea–Doo craft was discoverable upon reasonable inspection and therefore

is not a redhibitory defect. Johnson may not now hold CHL or Bombardier liable for his failure to research the capabilities of the Sea Doo personal watercraft prior to his purchase of the Sea–Doo craft from CHL in 1996.[5]

### 2. *Fraudulent Concealment*

■ Johnson's petition also seems to allege that CHL fraudulently concealed the fact that alternative throttle mechanisms were available. As an initial matter, we note that Johnson does not address the validity of his fraudulent concealment argument either in his motion to remand or his opposition to defendants' motion to dismiss. Regardless, Johnson's fraudulent concealment claim is without merit. The Civil Code defines fraud as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. Civ.Code Ann. art. 1953. Fraud is not actionable where the plaintiff could have ascertained the truth "without difficulty, inconvenience or special skill." *Id.* art. 1954; *Bronco II*, 982 F.Supp. at 397 (explaining that there can be no concealment when plaintiff has access to the allegedly concealed information).

■ Johnson may not recover against CHL for fraudulent concealment because, as discussed in the previous section, the nature of the Sea–Doo throttle and braking mechanism was apparent at the time of sale. Moreover, as is apparent from the affidavit of Wil Loewer, at the time of sale, CHL was not aware that off-throttle steering and braking systems were available on personal watercraft and therefore could not have concealed such information. *See* Loewer Aff. ¶ 6. Further, the numerous warnings in the Sea–Doo watercraft manuals show that CHL in no way withheld from Johnson the fact that the Sea–Doo

---

5. Given our determination that the alleged defect was apparent at the time of sale, we need not address the defendants' alternative arguments urging a finding of fraudulent joinder.

craft would not operate when the throttle was not engaged.

In his amended complaint, Johnson alleges that Bombardier conspired with CHL to conceal the defect in the Sea-Doo watercraft. CHL cannot be liable for conspiracy under Louisiana law. The actionable element in a claim for civil conspiracy is not the conspiracy itself, but rather the underlying tort that the conspirators agree to perpetrate and actually commit. *See, e.g., Butz v. Lynch,* 710 So.2d 1171, 1174 (La.App. 1st Cir.1998) (citing La.Civ.Code Ann. art. 2324). In this case, there is no possibility that Johnson may recover against CHL for fraudulent concealment. Accordingly, Johnson may not bring an actionable claim for conspiracy to conceal.

The defendants have sustained their burden of proving fraudulent joinder by showing that there is no possibility that Johnson may hold CHL liable either for the alleged redhibitory defect in the Sea-Doo watercraft, or for fraudulent concealment. Therefore, CHL is not a proper party to this lawsuit, and must be dismissed.[6] As such, CHL's citizenship should not be considered for diversity purposes. It is evident that the remaining parties are diverse. Johnson is a citizen of Louisiana. None of the Bombardier defendants are Louisiana citizens. This court therefore has proper jurisdiction over this case pursuant to 28 U.S.C. § 1332 and may proceed to determine the merits of Bombardier's motion to dismiss.[7]

### III. Rule 12(b)(6) Motion to Dismiss

Bombardier has filed a motion to dismiss Johnson's complaint for failure to state a claim upon which relief can be granted for essentially the same reasons as it urges in its opposition to Johnson's motion to remand that plaintiff has failed to establish a claim against CHL. When considering a motion to dismiss for failure to state a claim, the district court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *See Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993) (citing *Doe v. United States Dep't of Justice,* 753 F.2d 1092, 1102 (D.C.Cir.1985) (citations omitted)). The plaintiff must simply allege all the elements of a right to recover against a defendant. *See Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994). Unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief, the complaint should not be dismissed for failure to state a claim. *See Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 524 (5th Cir.1994); *Fernandez–Montes,* 987 F.2d at 285 (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). For that reason, a motion to dismiss for failure to state a claim is viewed with disfavor and rarely is granted. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982).

In the preceding section we determine that, under Louisiana law, Johnson may not pursue his redhibition, fraudulent concealment, or conspiracy claims against CHL because the alleged defect in the throttle system in the Sea–Doo watercraft was apparent at the time of sale. As we

---

**6.** Because we have determined that the apparent nature of the alleged defect precludes CHL's liability, we need not ascertain the other possible grounds for finding fraudulent joinder suggested by Bombardier.

**7.** As the factual and legal issues in the Henson case are substantially the same as those in the Johnson case, a discussion regarding the merits of Henson's motion to remand would be redundant. Suffice it to say that for the same reasons, the Yamaha defendants in the Henson action have met their burden of proving fraudulent joinder with regard to CRC; that CRC is not a proper party to the lawsuit and therefore is dismissed; and that because the remaining parties are diverse and the jurisdictional amount requirement likely is satisfied, this court has proper jurisdiction pursuant to 28 U.S.C. § 1332 and may proceed to rule on the defendants' motions to dismiss.

have concluded that the Sea–Doo water-craft did not contain a redhibitory defect, Johnson may not maintain a cause of action under Article 2520 against Bombardier.

■ Johnson also has failed to state a valid fraud claim against Bombardier. The Louisiana Product Liability Act ("LPLA") sets forth the exclusive theories of liability against manufacturers for damage caused by their products. *See* La.Rev. Stat.Ann. § 9:2800.52; *Brown v. R.J. Reynolds Tobacco Co.*, 52 F.3d 524, 526 (5th Cir.1995); *Lewis v. Intermedics Intraocular, Inc.*, 56 F.3d 703, 706 (5th Cir. 1995). The LPLA requires the product to be unreasonably dangerous before a plaintiff may bring a claim for fraud against the product's manufacturer. *See* La.Rev.Stat. Ann. § 9:2800.54(A),(B). Johnson does not content that the Sea–Doo was unreasonably dangerous. His fraud claims therefore do not fit within the LPLA and must be dismissed. *See Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1251 (5th Cir.1997) (holding fraud by misrepresentation is not a valid cause of action under the LPLA). As there is no possibility that Johnson may recover against the defendants either in redhibition or under the LPLA, it is appropriate to dismiss his claims against any of the defendants pursuant to Rule 12(b)(6).[8]

## IV. CONCLUSION

For the reasons set forth above, both Johnson's and Henson's motions to remand are DENIED. All motions to dismiss by the defendants are GRANTED.

## *JUDGMENT*

For the reasons given this date, plaintiff David Johnson's and plaintiff Aaron Gerome Henson's motions to remand are DENIED. The motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by the defendants in the

Johnson action is GRANTED. The motions to dismiss pursuant to the same filed by the defendants in the Henson action also are GRANTED. Both Johnson's and Henson's cases against their respective defendants are DISMISSED WITH PREJUDICE.

---

8. Again, we need not discuss in depth the merits of the motions to dismiss by the defendants in the Henson action, as the analysis would be the same as the above. For the reasons given with regard to the Johnson lawsuit, Henson's claims against the Yamaha defendants are dismissed pursuant to Rule 12(b)(6).